IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| United States of America, | Crim. No. 4:06-cr-00583-TLW-9 |
|---|---|
| v. | **Order** |
| Cliff Bernard Randall | |

This matter is before the Court on Defendant's motion for a sentence reduction pursuant to the First Step Act of 2018, passed by Congress and signed into law by the President on December 21, 2018. Pub. L. No. 115-391, 132 Stat. 5194. This law contains sentencing provisions that apply retroactively to certain defendants previously sentenced.

Defendant pled guilty to two counts: Conspiracy to Possess With Intent to Distribute 50 Grams or More of Cocaine Base, in violation of 21 U.S.C. §§ 841(a)(1) 841(b)(1)(A)(iii), and 846 (Count 1); and Felon in Possession of Ammunition, in violation of 18 U.S.C. § 922(g) (Count 7). After taking into account the § 851 Information that the Government previously filed, his statutory sentencing ranges were 20 years-to-Life, followed by at least 10 years of supervised release (Count 1); and up to 10 years, followed by up to 3 years of supervised release (Count 7). PSR ¶¶ 66, 70; ECF No. 391.

At sentencing, Defendant was held accountable for 907.2 of crack. PSR ¶ 17. His Guidelines range—after taking into account his career offender designation—was 324–405 months (36/VI), followed by 10 years of supervised release. PSR ¶¶ 67, 73; ECF No. 391. The Court granted the Government's motion for a downward departure

1

and departed two levels to a Guidelines range of 262–327 months (34/VI), and ultimately imposed a sentence of 264 months incarceration on Count 1 and 120 months on Count 7, followed by a 10-year term of supervised release on Count 1 and a 3-year term of supervised release on Count 7. ECF No. 390. The Court later reduced his sentence of imprisonment on Count 1 to 235 months pursuant to a Guidelines amendment. ECF No. 470. The Court later further reduced his sentence to 160 months imprisonment pursuant to a Rule 35(b) motion. ECF No. 597. BOP records reflect that he was released from custody on April 3, 2018.

Section 404(b) of the First Step Act provides that "[a] court that imposed a sentence for a covered offense may . . . impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 . . . were in effect at the time the covered offense was committed." Section 404(a) defines "covered offense" as "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 . . . , that was committed before August 3, 2010." As noted above, Count 1 charged him with violating 21 U.S.C. § 841(b)(1)(A)(iii). Section 2(a) of the Fair Sentencing Act modified the statutory penalties set forth in § 841(b)(1)(A)(iii) by increasing the threshold amounts of crack from 50 grams to 280 grams. Because Defendant is serving a sentence for a pre-August 3, 2010 violation of § 841(b)(1)(A)(iii), he is eligible for a sentence reduction under § 404(b) of the First Step Act. *See United States v. Wirsing*, 943 F.3d 175, 185 (4th Cir. 2019).

In Defendant's motion, he requests a full resentencing hearing in which he would seek to challenge his career offender designation. *See* ECF No. 896 at 7. The

Government argues that he is not entitled to a full resentencing. *See* ECF No. 903 at 6–9.

Judge Currie has recently considered this question and concluded that a First Step Act defendant is not entitled to a full resentencing. *United States v. Shelton*, No. 3:07-329 (CMC), 2019 WL 1598921, at *2–3 (D.S.C. Apr. 15, 2019). The Court notes Judge Currie's thorough, well-reasoned opinion and adopts her analysis of the applicable law in this case. Thus, the Court concludes that although Defendant is eligible for a sentence reduction, he is not entitled to a full resentencing. *See also Wirsing*, 943 F.3d at 181 n.1 ("Defendant does not contest that his relief, if any, will be in the form of a limited sentence modification rather than a plenary resentencing.").

Though Defendant is eligible for a sentence reduction, a reduction is not automatic. Section 404(c) of the First Step Act explicitly provides that "[n]othing in this section shall be construed to require a court to reduce any sentence pursuant to this section." Notably, *Wirsing* did not address whether that particular defendant's sentence should have been reduced, only that he was eligible for consideration. *See Wirsing*, 943 F.3d at 186.

In considering whether to reduce Defendant's sentence, the Court has carefully reviewed the Presentence Investigation Report and Sentence Reduction Report, and has considered the current statutory range, the Guidelines range, the § 3553(a) factors, and evidence of post-sentencing mitigation. In light of these considerations, the Court concludes that a sentence reduction is not appropriate in this case. There

are several reasons why the Court has reached this conclusion, including (1) he was held accountable at sentencing for a crack weight (907.2 grams) that would have supported a charge to the current threshold amount (280 grams); (2) he received an enhancement for possessing a firearm in connection with the drug conspiracy; (3) he has a significant criminal history, including numerous prior convictions for crack possession and distribution; and (4) he remains a career offender.[1]  For these reasons, the Court declines to reduce his term of supervised release, and his motion, ECF No. 896, is therefore **DENIED**.

    **IT IS SO ORDERED.**

*s/ Terry L. Wooten*
Terry L. Wooten
Senior United States District Judge

January 3, 2020
Columbia, South Carolina

---

[1] Defendant is also currently facing a supervised release revocation hearing for multiple serious alleged violations.  These alleged violations did not factor into the Court's decision on this motion because it has not yet been established that he committed these violations.