IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Cliff Bernard Randall,<br><br>　　　　PETITIONER<br><br>　　v.<br><br>United States of America,<br><br>　　　　RESPONDENT | Crim. No. 4:06-cr-00583-TLW-9<br>C/A No.　4:21-cv-03324-TLW<br><br><br>**ORDER** |

This matter comes before the Court for consideration of the *pro se* petition to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255 filed by Petitioner Cliff Bernard Randall. For the reasons stated below, the Court denies the petition and dismisses this action.

## FACTUAL AND PROCEDURAL HISTORY

Petitioner originally pled guilty to charges of conspiracy to possess with intent to distribute and to distribute 50 grams or more of cocaine base (Count 1) and felon in possession of ammunition (Count 7), and was originally sentenced on June 27, 2007, to 264 months imprisonment and 10 years of supervised release (264 months on Count 1 and 120 months consecutive on Count 7). ECF No. 390. He did not file a direct appeal.

On October 6, 2009, Petitioner filed a motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2). ECF No. 465. Thereafter, the Court ordered that Petitioner's sentence be reduced from 264 months to 235 months. ECF No. 470. The term consisted of 235 months as to Count 1 and 120 months concurrent as to Count 7. *Id.*

Petitioner's sentence was furthered reduced on January 26, 2012, in response to a Rule 35(b) motion filed by the Government. ECF No. 584. The Court reduced Petitioner's previously imposed sentence of 235 months to 160 months. ECF No. 589. This 160-month term consisted of 160 months as to Count 1 and 120 months as to Count 7. ECF No. 597. All such terms were ordered to run concurrently. *Id.*

Petitioner was released on supervision on April 3, 2018. ECF No. 865. On August 7, 2019, Petitioner was arrested by the Horry County Police Department for (1) trafficking in meth, or cocaine base–400 grams or more, and (2) trafficking in heroin, morphine, etc. 28 grams or more. ECF No. 865. These two charges constituted separate Grade A violations of Petitioner's supervised release and the Court issued a warrant for Petitioner's arrest. *Id.*

On October 14, 2020, the Court revoked Petitioner's supervised release and imposed a 48-month sentence as to Count 1 and a 24-month concurrent sentence as to Count 7. ECF No. 947. Petitioner was notified of his right to appeal at the Court's revocation hearing, and Petitioner and his counsel, William F. Nettles, IV, signed a waiver of Petitioner's right to appeal. ECF No. 948. The next day, October 15, 2020, written judgment was entered (the "original judgment"). ECF No. 949. Of import here, the original judgment stated that Petitioner was to be imprisoned for a period of 48 months to be served consecutively to any state sentence, and "[d]efendant shall be given credit for time served beginning on August 7, 2019." *Id.* at 2.

After the original judgment was entered, the Bureau of Prisons inquired with the Court about the meaning of the time served language contained in the original

judgment. ECF No. 969 at 1. In response, the Court conducted a thorough review of the transcript from Petitioner's revocation hearing and found that it, in fact, did not "give credit for time served beginning August 7, 2019" nor did the transcript of the hearing reflect credit for any time served. *Id.* The Court then issued an amended judgment pursuant to Rule 36 of the Federal Rules of Criminal Procedure on February 9, 2021 (the "amended judgment"), to conform with the sentence imposed in open court and remove any reference to "credit for time served beginning on August 7, 2019." ECF No. 970.

Petitioner filed the instant § 2255 motion to vacate, set aside, or correct his sentence (the "petition" or "motion") on or about October 12, 2021.[1] ECF No. 987. His petition asserts several grounds, namely (1) that the Court did more than correct a scrivener's error when it removed the "credit for time served" language from the amended judgment, (2) that the Court acted without jurisdiction when it issued the amended judgment, and (3) that Petitioner's counsel was ineffective by failing to appeal the amended judgment. *Id.*

The Government has filed a response in support of the petition. ECF No. 992. Accordingly, the matter is now ripe for adjudication.

## 28 U.S.C. § 2255

Title 28, Section 2255 of the United States Code provides that a prisoner in custody under sentence of a federal court may file a petition in the court that imposed the sentence to vacate, set aside, or correct the sentence. A petitioner is entitled to

---

[1] The applicable filing date under *Houston v. Lack*, 487 U.S. 266 (1988).

relief under § 2255 if he proves by a preponderance of the evidence one of the following: (1) that the sentence was imposed in violation of the Constitution or laws of the United States; (2) that the court was without jurisdiction to impose such sentence; (3) that the sentence was in excess of the maximum authorized by law; or (4) that the sentence is otherwise subject to collateral attack. *See* 28 U.S.C. § 2255(a); *Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958) (per curiam). "The scope of review of non-constitutional error is more limited than that of constitutional error; a non-constitutional error does not provide a basis for collateral attack unless it involves 'a fundamental defect which inherently results in a complete miscarriage of justice,' or is 'inconsistent with the rudimentary demands of fair procedure.'" *Leano v. United States*, 334 F. Supp. 2d 885, 890 (D.S.C. 2004) (quoting *United States v. Mikalajunas*, 186 F.3d 490, 495–96 (4th Cir. 1999)).

In deciding a § 2255 petition, a court need not hold a hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). The Court has thoroughly reviewed the motions, files, and records in this case, liberally construing Petitioner's filings, and finds that no hearing is necessary.

## STANDARD OF REVIEW

Petitioner brings this motion *pro se*. Courts are required to construe liberally pleadings filed by *pro se* litigants to allow for the development of potentially meritorious claims. *See Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam). These pleadings are held to a less stringent standard than those drafted by attorneys.

*See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). However, "[t]he 'special judicial solicitude' with which a district court should view such *pro se* complaints does not transform the court into an advocate. Only those questions which are squarely presented to a court may properly be addressed." *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

## DISCUSSION

The Court concludes that there is no merit to this petition because (1) the inclusion of the "credit for time served language" in the original written judgment constituted a clerical error subject to correction, (2) the Court has jurisdiction to correct clerical errors—like the one contained in the original judgment—under Rule 36 of the Federal Rules of Criminal Procedure, and (3) Petitioner's claim for ineffective assistance of counsel fails because he cannot show that he was prejudiced since he previously waived his right to appeal the sentence memorialized by the amended judgment when it when it was issued orally at the revocation hearing.

### A. The inclusion of the "credit for time served" language in the original judgment was a clerical error.

As the Court noted in its February 3, 2021 order, the inclusion of the "credit for time served" language in the original written judgment was a clerical error. ECF No. 969. Accordingly, the amended judgment was issued pursuant to Rule 36 which provides that "[a]fter giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." Fed. R. Crim. P. 36. This rule is employed to correct errors that are *clerical*, rather than legal, in nature. *See*

*United States v. Postell,* 2011 WL 609711, at *1 (4th Cir. Feb. 22, 2011) (per curiam). While the federal rules do not expressly define "clerical error," the Fourth Circuit has held that "[a] clerical error subject to correction under Rule 36 must not be one of judgment or even of misidentification, but merely of recitation, of the sort that a clerk or amanuensis might commit, mechanical in nature." *United States v. Scott*, 478 F. App'x 789, 790 (4th Cir. 2012) (citations and internal quotations omitted); *see also United States v. Spears,* 432 F. App'x 242, 243–44 (4th Cir. 2011) (clerical error when written judgment said defendant was convicted under one statute, but court had orally imposed sentence under another statute); *United States v. Ensminger,* 193 F. App'x 198, 199 (4th Cir. 2006) (clerical error when written judgment said that defendant had been sentenced to 77 months in prison, but court had orally imposed 83–month sentence); *United States v. Toney,* 22 F. App'x 106, 107 (4th Cir. 2001) (clerical error when written judgment said sentences would run concurrently, but court had orally imposed consecutive sentences); *United States v. James,* 105 F.3d 649 (table), 1997 WL 8392, at *1 (4th Cir. 1997) (clerical error when written judgment said defendant was sentenced to concurrent prison terms of 46 months, but court had orally sentenced defendant to one 40–month term to run concurrently with a 46–month term).

This sort of clerical error in the transcription of the oral sentence in the original judgment is what happened here. As illustrated by a review of the transcript from the October 15, 2020 revocation hearing, the Court made a clerical error when it issued the original judgment since it conflicted with the oral sentenced issued at the

revocation hearing. The transcript is clear that the Court did not "give credit for time served beginning August 7, 2019," and the Court set forth its judgment in the following unambiguous terms:

> [I]t is the judgment of the court the defendant, Cliff Bernard Randall, is hereby committed to the custody of the bureau of prisons to be imprisoned for a term of 48 months. 48 months. This sentence shall be consecutive to any sentence that the defendant is now serving. He's now serving a state sentence, and then pursuant to 7B1.3(f) and also pursuant to case law cited and pursuant to 3584 – or Title 18, Section 3584 and also pursuant to the 3553(a) factors that I noted. Upon release from imprisonment, the defendant shall be placed on supervised release for a term of 12 months.

Rev. Hr'g Tr. 17:24–18:10. As noted above, after sentencing Petitioner, the Court made further comment in the record to be clear that "the form of the sentence [was] correct." *Id.* 22:16–17. Accordingly, the Court further restated the sentence imposed:

> [L]ook, I'm going to do it this way. The sentence of 48 months is imposed on Count 1. The sentence on Count 7, which is the 922(g) conviction, is 24 months. The sentences are to run concurrently. Doesn't that take care of it? In other words, a 48-month sentence below the guideline range because it's a consecutive sentence, but I'm imposing a 48-month sentence as to Count 1 and a 24-month sentence as to Count 7. The 48-month sentence and the 24-month sentence are to run concurrent. All other statements made in imposing the sentence would remain the same.

*Id.* 23:15–24:1.

What is clear from this record, is that the Court did not give Petitioner credit for any time served. The Court's later correction of the original judgment does not provide a basis for the Court to vacate, set aside, or correct Petitioner's sentence under § 2255. The transcript speaks for itself. The law is clear: "[w]hen the written judgment conflicts with the oral sentence, the oral sentence controls." *United States*

*v. McCorkle*, 291 F. App'x 545, 547 (4th Cir. 2008) (citing *United States v. Morse,* 344 F.2d 27, 29 n. 1 (4th Cir. 1965)). [2] "A district court's unambiguous oral pronouncement at sentencing is not negated by a subsequent written judgment that does not reflect the oral sentence." *United States v. Byrd*, 808 F. App'x 161, 165 (4th Cir. 2020). In fact, the remedy in this circumstance is to do exactly what the Court did in its February 3, 2021 Order: correct the written judgment to conform to the oral sentence imposed. *United States v. Abdel-Aziz,* 67 F. App'x 805, 807 (4th Cir. 2003) ("where a direct conflict exists between the oral pronouncement at sentencing and the written order of judgment, the oral sentencing order is to be followed and the remedy is to vacate the judgment and remand to the district court for the purpose of correcting the written judgment to conform to the oral sentence.")

In light of the unambiguous terms of the oral sentence issued at the revocation hearing, there can be no dispute that the Court's amended judgment was nothing more than the correction of a clerical error.

## B. The Court had jurisdiction to correct the clerical error in the original written judgment.

Petitioner asserts that the Court issued the amended judgment without jurisdiction. This argument is rebutted by the plain language of Rule 36 which gives the Court authority to correct a clerical error in a judgment "at any time". Fed. R.

---

[2] This rule is recognized in nearly every circuit. *See United States v. Lewis,* 626 F.2d 940, 953 (D.C.Cir.1980); *United States v. Pugliese,* 860 F.2d 25, 30 (2nd Cir.1988), *cert. denied,* 489 U.S. 1067 (1989); *United States v. Chasmer,* 952 F.2d 50, 52 (3rd Cir.1991), *cert. denied,* 503 U.S. 997 (1992); *United States v. McAfee,* 832 F.2d 944, 946 (5th Cir.1987); *United States v. Daddino,* 5 F.3d 262, 266 (7th Cir. 1993); *United States v. Glass,* 720 F.2d 21, 22 n. 2 (8th Cir.1983); *United States v. Bergmann,* 836 F.2d 1220, 1222 (9th Cir.1988); *United States v. Blackner,* 901 F.2d 853, 855 (10th Cir.1990); *United States v. Khoury,* 901 F.2d 975, 977 (11th Cir.1990).

Crim. P. 36; *see also United States v. Powell*, 266 F. App'x 263, 266 (4th Cir. 2008) ("But when an error is purely a clerical error in a judgment, order, or other part of the record, the policy of finality is trumped and a court is authorized to correct the error at any time.") (cleaned up). Here, the Court had jurisdiction to correct the clerical error in the original judgment to remove the "credit for time served language" so that the written judgment would conform to the oral sentence issued at the revocation hearing. Accordingly, Petitioner's § 2255 motion as to his claim that the Court acted without jurisdiction must be denied.

C. <u>Petitioner's claim of ineffective assistance of counsel fails.</u>

Finally, Petitioner alleges that his counsel, Mr. Nettles, was ineffective because he did not appeal the amended judgment because "it was more than correcting a scrivener's error" and that Mr. Nettles "should have caught this and appealed the amended judgment." ECF No. 987 at 5.[3] Mr. Nettles, in his letter attached to the petition, makes no mention of failing to appeal the amended judgment but simply states that he "did not notice the changed language in the amended judgment in your case" and that he "was ineffective in not noting the judgment with the deletion of the time served language." ECF No. 987–1. A meritorious ineffective

---

[3] In its response to the petition, the Government suggests that the Court should hold an evidentiary hearing pursuant to *United States v. Poindexter*, 492 F.3D. 263 (4th Cir. 2007). *Poindexter* is inapplicable to the case at hand as it relates to scenarios where defense counsel fails to file a timely notice of appeal after being unequivocally instructed to do so. *Id.* at 269. Here, Plaintiff did not unequivocally instruct Mr. Nettles to file an appeal from the amended judgment. Regardless, for the reasons discussed herein, had Mr. Nettles filed an appeal, it would not have been timely. Additionally, if a direct appeal is allowed pursuant to *Poindexter*, it would raise the same issue addressed in this order. The Petitioner does have certain rights to appeal from the denial of § 2255 relief in this Order. Here, there is no need for a *Poindexter* analysis.

Page 9 of 14

assistance claim must demonstrate two things: first, that counsel's performance was deficient and, second, that counsel's deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687–98 (1984). The first part of the test, a court's evaluation of counsel's performance, must be "highly deferential" under this standard, so as not to "second-guess" the performance. *Id.* at 689. "[A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Id.* (internal quotation marks and citation omitted); *see also Fields v. Attorney Gen. of Maryland*, 956 F.2d 1290, 1297–99 (4th Cir. 1992); *Roach v. Martin*, 757 F.2d 1463, 1476 (4th Cir. 1985). To establish prejudice and thereby fulfill the second prong of the ineffective assistance test, Petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694–95.

Petitioner's claim fails because he cannot establish *Strickland*'s second prong: that the result of the proceeding would have been different. First, the correction of a clerical error in the original judgment did not clearly constitute a new judgment that would extend the deadline for Petitioner to file an appeal. If so, Petitioner, therefore, cannot be prejudiced by his counsel's alleged failure to file an appeal well-past the expiration of the deadline for filing an appeal because it would not be timely. The record does not reflect that Petitioner timely sought an appeal when he was

sentenced. ECF No. 948. Second, Petitioner is not prejudiced by his counsel's alleged failure to appeal the amended judgment because Petitioner previously waived his right to appeal from the exact sentence memorialized in the amended judgment. Again, as noted in footnote 3, Petitioner can appeal from § 2255 denial of relief. Hence, a *Poindexter* analysis would be duplicative.

Here, as discussed above, the amended judgment was nothing more than correcting a clerical error in the original judgment so that the written judgment would conform to the sentence orally issued at the revocation hearing. The amended judgment, issued pursuant to Rule 36, did not constitute a new judgment because it did not substantively change Petitioner's sentence. *See United States v. Jenkins*, 22 F.4th 162, 167 (4th Cir. 2021) ("[Rule] 36 is limited to the correction of purely clerical errors and does not extend to judicial or substantive errors."); *Marmolejos v. United States*, 789 F.3d 66, 71 (2d Cir. 2015) (concluding that "an amended judgment merely correcting errors that were clerical does not constitute a 'new judgment'") (citations omitted). Where, as here, a district court corrects an error in a criminal judgment pursuant to Rule 36, a criminal defendant's right to appeal the judgment does not begin to run anew. *See United States v. Portillo,* 363 F.3d 1161 (11th Cir. 2004) ("The time allowed Portillo for challenging his restitution order entered on August 3, 1999, has long expired under Fed R. App. P. 4(b)(1)(A), and he may not now challenge it in this appeal of the district court's Rule 36 Order.") (footnotes omitted).[4] Petitioner's

---

[4] *See also Tate v. United States*, No. 2:13-CR-0082-LSC-TMP, 2015 WL 770413, at *7 (N.D. Ala. Feb. 24, 2015) (rejecting a § 2255 petitioner's claim of ineffective assistance of counsel relating to her counsel's failure to discover errors in an original judgment that were corrected in an amended judgment approximately six months after the original judgment because the petitioner "cannot show that she was prejudiced by the fact that her attorney did not discover

time to appeal the sentence imposed had long expired at the time the Court entered the amended judgment and, because the amended judgment did not substantively change Petitioner's sentence in correcting a clerical error in the transcription of the sentence, Petitioner's time to appeal the judgment did not begin to run anew. As such, Petitioner could be prejudiced by his counsel's alleged failure to appeal the judgment well-past the deadline for filing such an appeal since the appeal would not be timely.

Furthermore, the Court notes that Petitioner previously waived his right to appeal the sentence memorialized in the amended judgment. As discussed above, the Court issued its sentence orally at the October 14, 2020 revocation hearing. ECF No. 947. The Court's oral sentence did not contain the "credit for time served" language, and the Court advised Petitioner—both orally and in writing—of his right to appeal the sentence imposed. At the conclusion of the hearing, Petitioner discussed his right to appeal with his attorney, Mr. Nettles, and both signed the Court's standard form indicating that Petitioner did not want to appeal. ECF No. 948. The next day, October 15, 2020, the original judgment was entered which, due to a clerical error, erroneously included the added "time served language." ECF No. 949. This judgment was amended and the amended judgment removed the "time served" language to conform to the sentence orally imposed at the hearing—the same sentence that Petitioner knowingly and voluntarily waived his right to appeal from. Accordingly, Petitioner

---

these errors at an earlier time because she was not subject to any changes in her sentence by the correction of these errors."); *Volcy v. United States*, No. 8:08-CR-270-T-24EAJ, 2011 WL 8966, at *3 (M.D. Fla. Jan. 3, 2011) ("Petitioner's claim of ineffective assistance of counsel relating to the amended judgment also fails. Petitioner has failed to show any prejudice resulting from Petitioner's attorney's failure to object to the errors in the amended judgment. Again, the errors were of a clerical nature and the corrections made in the Second Amended Judgment do not affect Petitioner's substantial rights or his sentence.").

cannot show that the results of the proceeding would be any different had his counsel appealed the amended judgment because he had previously waived his right to appeal the very sentence memorialized by the amended judgment. As such, Petitioner cannot show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694–95. On this basis, the Court will deny Petitioner's § 2255 motion as to his claim for ineffective assistance of counsel.

### EVIDENTIARY HEARING

Section 2255 provides that:

> Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall...grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto.

28 U.S.C. § 2255. *see also United States v. O'Quinn*, 166 Fed.Appx. 697, 698 (4th Cir. 2006) ("Unless it is clear from the record, as expanded, that the prisoner is not entitled to relief, § 2255 makes an evidentiary hearing mandatory."). As described above, the Court finds the current record is clearly sufficient to dispose of all of Petitioner's claims. Therefore, an evidentiary hearing is not necessary.

In summary, this case is not complicated factually or legally. Petitioner was not given credit for any time served when sentenced. The original judgment was not correct. The amended judgment is correct. There is no basis for relief.

### CERTIFICATE OF APPEALABILITY

The Court has reviewed this petition in accordance with Rule 11 of the Rules Governing Section 2255 Proceedings. In order for the Court to issue a certificate of

appealability, Rule 11 requires that Petitioner satisfy the requirements of 28 U.S.C. § 2253(c)(2), which in turn requires that he "has made a substantial showing of the denial of a constitutional right." The Court concludes that he has not made such a showing, and it is therefore not appropriate to issue a certificate of appealability as to the issues raised in this petition. Petitioner is advised that he may seek a certificate from the Fourth Circuit Court of Appeals under Rule 22 of the Federal Rules of Appellate Procedure.

## CONCLUSION

For the reasons stated, Petitioner's motion for relief pursuant to § 2255, ECF No. 987, is **DENIED**. Furthermore, the Court **DENIES** a certificate of appealability because Petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This action is hereby **DISMISSED**.

**IT IS SO ORDERED**.

*s/ Terry L. Wooten*
Terry L. Wooten
Chief United States District Judge

December 8, 2022
Columbia, South Carolina